CODDINGTON vs. CODDINGTON.

1. The residence required by the statute concerning divorces, to give the the court jurisdiction, means fixed domicil, or permanent home.

2. The requirement of the statute that a party shall be an inhabitant or resident of the state *at the time* of the desertion, refers to the whole period of three years, during which the desertion must have continued, and not to the mere commencement or act of desertion.

The bill in this suit was for a divorce *a vinculo* for desertion. The defendant being out of the state, was actually served with a notice to appear and defend the suit, as provided for by law and the rules of the court. She did not appear, and the cause was brought on upon *ex parte* proofs, taken for that purpose, and the report of J. Dixon, esq., the special master to whom the same was referred. The master reported that the case was not within the jurisdiction of this court, and that the divorce should not be granted. The parties were married in the city of New York, where they resided for nearly four years after their marriage, and until the spring of 1858. At that time, the complainant, with his wife, left the city of New York, and removed to Bergen Point, in this state, with the intention of residing there. On the 27th of July, in that year, the defendant deserted her husband, and has never since lived with him. The complainant resided at Bergen Point for a month or two after his wife left him, and then returned to the city of New York, where he was, and has continued to be, engaged in practicing law. He has continued to reside in New York ever since,

except for six days, at the time when this suit was being commenced, when he went to Jersey City and occupied a room at Taylor's Hotel, taken by the day, and from which he returned to his mother's house in New York, where he resided at the time he left for Jersey City. The case was submitted on written briefs.

*Mr. J. B. Vredenburgh*, for complainant.

*Mr. I. W. Scudder*, for defendant.

THE CHANCELLOR.

In this case, neither of the parties resided in this state for more than two months after the desertion commenced. Neither of them is now, or was at the beginning of this suit, an inhabitant or resident of this state, in such manner that the matter in controversy, the marriage relation between them, had any existence in this state, so as to be subject to its laws, or the jurisdiction of its courts. Proceedings with regard to the validity, or dissolution of marriage, are, as was held in the celebrated case of the Duchess of Kingston, proceedings *in rem.* They actually operate upon the matter; they affirm, constitute, or dissolve the marriage relation. By the well settled principles of the *jus gentium*, or rules acknowledged by the codes of all civilized nations, and given effect by comity of law, when not controlled by positive enactments, the positive and relative status of every person is regulated by the law of domicil. The residence of these parties being in the state of New York, neither party, by stepping over to this state with his trunk, and taking lodgings for a few weeks, can give to this court jurisdiction of the matter. Even if the requirements of the statute of this state were strictly complied with, the decree of divorce would be a nullity; and in the state of New York, the marriage relation would still exist. To give jurisdiction over the subject matter, the complainant must have actually

changed his residence or domicil in the sense in which the Supreme Court in the case of *Cadwalader* v. *Howell*, 3 *Harr*. 138, put upon residence and domicil ; or both parties between whom the relation exists, must be within the jurisdiction of the court which attempts to dissolve it.

But I think it clear that the case is not within the provisions of the statute which regulates the jurisdiction of this court in cases of divorce. The first clause of the first section of the statute, requires that the parties, or one of them, " shall be inhabitants of the state at the time of the desertion complained of ;" and the last clause requires that one of them " shall have been a resident of the state for the term of five (now three) years, during which such desertion shall have continued." I shall not consider now whether the word "inhabitant" in the first clause, ought not to have a much more restricted sense than the word "resident" in the last clause, to make the two consistent, for the view I take of the case renders that unnecessary ; both require one party to be an inhabitant or resident at the time of the desertion complained of. The desertion complained of, and the only desertion for which a divorce is authorized, is a willful, continued, and obstinate desertion for the space of three years ; the three years or the time, is as much a part of the desertion or injury as that it shall be willful, or obstinate, or continued ; and the words *at the time*, refer to every part of that desertion. This, in my view, would be the proper and legal construction of the first clause standing alone, and the provisions of the last clause require that construction to give consistency to the whole section taken together. It shows that the meaning of the legislature, in requiring the party to be an inhabitant at the time of the desertion complained of, was for the whole time and not at the commencement or the act of desertion. Desertion itself is no cause of divorce, but only its willful continuance for three years.

This construction was given to this act in *Yates* v. *Yates*, 2 *Beas*. 280, and in *Brown* v. *Brown*, 1 *McCarter* 78. And it is well understood that the last case was reversed in the

Court of Appeals, on the ground that the Chancellor held, that notwithstanding the act of 1857, a residence of five years during the desertion was still required; the complainant had resided in the state more than three years during the desertion; and also because the Chancellor held that a residence resumed in this state, seemingly for the purpose of bringing a suit, although there was an actual change of residence, was not sufficient under the requirements of the act.